**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**



**STEVEN TERRELL GARRIS,**

**Petitioner,**

v.                                                    **Criminal No. 4:17-cr-29 (04)**

**UNITED STATES OF AMERICA,**

**Respondent.**

### *MEMORANDUM OPINION & ORDER*

Before the Court is Steven Garris' ("Petitioner") Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. for Comp. Release ("Pet'r's Mot."), ECF No. 195. The Government opposed the motion. Gov't's Resp. in Opp. to Comp. Release Mot. ("Resp. Opp."), ECF No. 198. Petitioner did not reply. For the reasons below, Petitioner's Motion for Compassionate Release is **DENIED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

On April 12, 2017, Petitioner and four co-defendants were named in a six-count Superseding Indictment. Sup'g Indict., ECF No. 37 ("Indictment"). On October 24, 2017, Petitioner plead guilty to Conspiracy to Posses with Intent to Distribute Cocaine. Plea Agreement Hearing, ECF No. 88; Plea Agreement, ECF No. 89. According to his Presentencing Report ("PSR"), from June 2016 until March 2017, Petitioner conspired with other individuals to distribute more than five hundred grams of cocaine. PSR, ECF No. 189 at ¶ 8. In all, Petitioner was attributed with 3.2474 kilograms of cocaine. *Id.* at ¶ 10. Petitioner was assessed a total offense level of 31, a criminal history category VI, and a recommended guideline range of 188-235 months' imprisonment *Id.* at ¶¶ 76-77. On February 7, 2018, the Court imposed a sentence of 162 months

imprisonment followed by four (4) years supervised release. J. of Pet'r, ECF No. 119.

On November 24, 2020, Petitioner filed his first motion for compassionate release. Letter Comp. Release Mot., ECF No. 166. On January 4, 2021, Petitioner filed a motion for compassionate release through Counsel. Comp. Release Mot., ECF No. 172 ("Pet'r's First Mot."). Petitioner argued that the § 3553(a) factors weigh in favor of his release and that his medical conditions in light of COVID-19 warranted extraordinary and compelling reasons for his release. *Id.* On February 17, 2021, the Court denied the motion. Mem. Op. & Order Deny'g Comp. Release, ECF No. 177 ("First Mem. Op. & Order"). Petitioner is currently incarcerated at FCI Petersburg Low with a projected release date of February 11, 2030.[1]

On July 13, 2022, Petitioner filed a *pro se* motion for compassionate release pursuant to U.S.C. § 3582(c)(1)(A), contending that if sentenced today he would no longer qualify as a "career offender" after the Court of Appeals for the Fourth Circuit's ("Fourth Circuit") decision in *United State v. Norman*, 935 F.3d 232 (4th Cir. 2019). Letter Comp. Release Mot., ECF No. 187. On September 9, 2022, Petitioner, through counsel, filed a Motion for Compassionate Release pursuant to the FIRST STEP Act. Pet'r's Mot., ECF No. 195.

Petitioner alleges that a reduction in sentence is appropriate because the Petitioner's applicable advisory guideline range would be lower if he was sentenced today, creating a disparity and, while incarcerated, Petitioner has engaged in rehabilitation. *See* Pet'r's Mot.. Together, Petitioner alleges these circumstances constitute an extraordinary and compelling reason warranting a sentence reduction. *Id.* Accordingly, Petitioner requests that the Court reduce his incarceration to a sentence in the range of 70 - 87 months. Pet'r's Mot., 10.

---

[1] *See* Federal Bureau of Prisons, "Find An Inmate," *BOP.gov*, https://www.bop.gov/inmateloc/ (last visited Oct. 18, 2022) (listing Petitioner's release date as February 11, 2030).

## II. LEGAL STANDARD

### A.    The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes—one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding that petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, which may be waived or forfeited if not timely raised. *Id.* at 129–30 (collecting cases from sister circuits holding the same).

**B.     The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the FIRST STEP Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n.1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n.1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release . . . [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts . . . ."); *United States v. Fox*,

2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). *McCoy*, 981 F.3d at 288 (holding that district courts have broad discretion in deciding whether extraordinary and compelling circumstances exist for compassionate release).

### III.   DISCUSSION

**A.   The Threshold Requirement**

The Court finds that Petitioner satisfied the threshold requirement. The Government does not contest such. *See* Resp. Opp. On June 6, 2022, Petitioner submitted his second request for compassionate release to the Warden at FCI Petersburg Low. Pet'r's Mot. at Exh. 1. On September 9, 2022, Petitioner filed a compassionate release motion through counsel. Pet'r Mot. Thus, more than 30 days passed since Petitioner filed his request.

**B.   Petitioner's Compassionate Release Request**

The Court now turns to whether Petitioner has set forth an extraordinary and compelling reason to reduce his sentence. Petitioner argues that a reduction in sentence is appropriate in light of the Post-*Norman* sentencing disparity, and the Petitioner's rehabilitation. Pet'r's Mot.. The Government argues that a Motion for Compassionate Release is not the appropriate vehicle for such a remedy, and this Court has previously ruled that the defendant is not eligible for release based on the § 3553(a) factors. Resp. Opp., 1, 16. In considering the factors above, Petitioner is not entitled to a reduction in sentence.

### 1.    *Post-Norman Sentencing Disparity*

Petitioner would not face a lower guideline range if sentenced today because even Post-*Norman* Petitioner would still be considered a career offender. The Supreme Court made clear "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States,* 142 S. Ct. 2389, 2404 (2022). Further, the Fourth Circuit in *United States v. Brice* explained that in light of *Concepcion* nothing in the First Step Act prohibits district courts in this circuit from considering nonretroactive changes to the sentencing guidelines, as seen in *Norman*, when assessing compassionate release matters under 18 U.S.C. § 3582(c)(1)(A). No. 21-6776, 2022 WL 3715086, at \*2 (4th Cir. Aug. 29, 2022). Other courts in this Circuit have found that they "may consider changes in sentencing law—even nonretroactive ones—in assessing whether a defendant has shown extraordinary and compelling reasons warrant a reduction in his sentence." *United States v. Stuart*, No. 5:92-CR-114-BR-3, 2020 WL 7232074, at \*3 (E.D.N.C. Dec. 8, 2020); *See, e.g.*, *United States v. Brown*, 2021 WL 2389881 (W.D. Va. June 11, 2021) (reducing the defendant's sentence, though not granting immediate release, finding that "the disparity in length of sentence [defendant] would face today post-*Norman* is an extraordinary and compelling reason for relief"). Therefore, the Court may consider a non-retroactive change in the law when evaluating a compassionate release claim.

Here, the Court, guided by the original range of 188-235 months, sentenced Petitioner below guideline to 162 months. J. of Pet'r, ECF No. 119. In 2019, the Fourth Circuit decided *United States v. Norman* holding that conspiracy is not a controlled substance offense under the guidelines and does not support a sentence under the career offender guideline. 935 F.3d 232 (4th Cir. 2019). Even though Petitioner's instant offense would no longer constitute a career offender

6

designation Post-*Norman*, Petitioner has two prior controlled substance convictions that would still categorize Petitioner as a career offender. USSG §4B1.1(b); PSR at ¶ 42. On January 6, 2011, Petitioner was convicted of Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Heroin, and on June 30, 2004, Petitioner was convicted of Possession with Intent to Distribute Cocaine. *Id.* The Fourth Circuit's decision in *Norman* did not disturb Petitioner's two prior felony convictions. Petitioner does not argue as such. Pet'r's Mot. at 2. Petitioner would still be categorized as a career offender if sentenced today, therefore there is no Post-*Norman* disparity warranting a reduction in sentence.

### 2. 18 U.S.C. § 3553(a) Factors

Overall, the § 3553(a) factors do not weigh in favor of a reduction in Petitioner's sentence. The Court recognizes that the nature and circumstances of Petitioner's offense are serious. *See* 18 U.S.C. § 3553(a)(1). According to his PSR, from June 2016 until March 2017, Petitioner conspired with other individuals to distribute more than five hundred grams of cocaine. PSR, at ¶ 8. In all. Petitioner was attributed with 3.2474 kilograms of cocaine. *Id.* at ¶ 10.

The Court also considers Petitioner's post-sentencing conduct and any rehabilitative efforts he has made. *See Concepcion v. United States*, 142 S. Ct. 2389, 2401 (2022) ("The text of the First Step Act does not so much as hint that district courts are prohibited from considering evidence of rehabilitation, disciplinary infractions, or unrelated Guidelines changes."); *Pepper v. United States*, 562 U.S. 476, 491 (2011). The Court commends Petitioner on gaining new employment skills and participating in substance abuse treatment. Pet'r's Mot. Exh. 4-6. Throughout his incarceration, Petitioner has maintained a clean disciplinary record. *Id.* at Exh. 3. Further, Petitioner maintains a relationship with his father. Pet'r's Mot. 10. However, rehabilitation alone does not constitute extraordinary and compelling reasons to grant compassionate release. *See, e.g.,*

7

*United States v. Hunter,* No. 21-1275, 2021 WL 3855665, at *11 (6th Cir. Aug. 30, 2021) (concluding that there was "no 'extraordinary and compelling' reason to reduce [the defendant's] sentence" when "[t]he only reason left standing [was the defendant's] rehabilitation in prison"). The Court previously ruled that the § 3553(a) factors did not weigh in Petitioner's favor and nothing significant has changed in the time since that determination. Order Denying Comp. Release, ECF No. 177 at 8.

Overall, the Court finds that the § 3553(a) factors do not weigh in Petitioner's favor. Critically, Petitioner does not show an extraordinary and compelling reason for release because he would still be considered a career offender today. Petitioner therefore does not qualify for compassionate release.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Thus, Petitioner's Motion for Compassionate Release, ECF No. 195, is **DENIED.** Further Petitioner's Letter Motion for Compassionate Release, ECF No. 186, is **MOOT**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Newport News, Virginia
October 27, 2022

/s/

Raymond A. Jackson
United States District Judge